IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DAN M., individually and on behalf of his minor child COLIN M., <br><br>　　　　Plaintiffs, <br><br>　　vs. <br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII, and PAT HAMAMOTO, in her official capacity as Superintendent of the Hawaii Public Schools <br><br>　　　　Defendants.<br>_____ | CV. NO.09-00183 DAE-LEK |

ORDER AFFIRMING DECISION OF HEARING OFFICER

On November 30, 2009, the Court heard Plaintiffs' appeal of a decision rendered by an administrative hearing officer concerning the appropriateness of a student's individualized education program.  Keith Peck, Esq., appeared at the hearing on behalf of Plaintiffs; Steve Miyasaka, Deputy Attorney General, appeared at the hearing on behalf of Defendants.  After reviewing the appeal, and the supporting and opposing briefs, the Court AFFIRMS the Hearing Officer's Findings of Fact, Conclusions of Law and Decision.

## BACKGROUND

Student Colin M. has qualified as a student with a disability under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415.

On or about November 19, 2007, Student was determined to be eligible to receive special education and related services. On November 19, 2007, Student's Parents signed the Consent for Initial Provision of Special Education and Related Services. (Doc. # 13 at 33.) Also on November 19, 2007, an Individualized Education Plan ("IEP") meeting was held. The IEP determined that Student would receive 450 minutes of special education per week and various other aids and services daily. (Id. at 33-34.) This IEP stated, inter alia, that Student would participate in special education for reading, written expression, and math. (Id. at 34.)

Despite the fact that the IEP identified math as a subject for which Student would receive special education, Student remained in a general education math class. (Id. at 6.) It is undisputed that Student's Parents had requested that Student participate in a general education math class. (Id.) Student's IEP was not revised to reflect the fact that he was receiving instruction in the general education math class. (Id.)

On or about June 5, 2008, Parents placed Student in a private school because they were concerned about Student's progress. (Id. at 7.) Hearing Officer Maile determined that "Student appeared to be making progress in his regular education classes, as well as on his IEP goals and benchmarks." (Id. at 35.)

On February 2, 2009, an administrative hearing was held by the Office of Administrative Hearings. During this hearing, Student's father indicated that he was not aware that Student had been receiving instruction in math in the general education classroom instead of the special education setting.[1] (Id. at 8.) On March 20, 2009, Hearing Officer Maile issued Findings of Fact, Conclusions of Law and Decision, and dismissed Plaintiff's case and granted Defendants prevailing party status. (Id. at 41.)

The issues presented for decision before Hearing Officer Maile were: (1) Whether Defendants failed to provide Student with placement in the least restrictive environment ("LRE") and failed to provide sufficient special education services; and (2) Whether Student should have been mainstreamed for language arts and math. (Id. at 32.)

---

[1] The Court notes the inconsistency here, as Student's parents wanted him placed in the general education math class.

On April 21, 2009, Plaintiffs appealed the Decision by filing their complaint in this case.[2] Plaintiffs' opening brief was filed on September 10, 2009. (Doc. # 21.) DOE filed its answering brief on October 13, 2009. (Doc. # 23.)

At the hearing on the matter, the Court granted the parties one week to resolve the dispute out of court. After two weeks had passed, counsel informed the Court that settlement was not reached. The Court therefore issues the order herein.

## STANDARD OF REVIEW

The IDEA states in part:

> [a]ny party aggrieved by the findings and decision made [pursuant to an administrative hearing], shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any state court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

20 U.S.C. § 1415(i)(2)(A).

When a party files an action challenging an administrative decision under the IDEA, a district court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii)

---

[2] The Court notes that Plaintiffs had 30 days within receipt of the Hearing Officer's decision. The decision was issued on March 20, 2009. It appears from the documents before the Court that Plaintiffs received the decision on April 4, 2009. (Doc. # 13 at 29.)

basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C); see also Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1471 (9th Cir. 1993). The party challenging the administrative decision bears the burden of proof. See Seattle Sch. Dist., No. 1 v. B.S., 82 F.3d 1493, 1498 (9th Cir. 1996); Hood v. Encinatas Union Sch. Dist., 486 F.3d 1099, 1103 (9th Cir. 2007).

"[J]udicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review." Ojai Unified Sch. Dist., 4 F.3d at 1471. District courts have discretion concerning how much deference to give to state educational agencies. Gregory K. v. Longview Sch. Dist., 811 F.2d 1307, 1311 (9th Cir. 1987). Courts need not follow the traditional test that findings are binding if supported by substantial evidence or even a preponderance of the evidence. Id. A court may not, however, simply ignore the administrative findings. Ojai Unified Sch. Dist., 4 F.3d at 1474. Given the expertise of the administrative agency and the political decision to vest the initial determination with the agency, deference to the hearing officer is warranted in cases where the officer's findings are "careful and thorough." Id. (citing Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1988)); Capistrano v. Unified

5

Sch. Dist. v. Wartenberg, 59 F.3d 884, 891 (9th Cir. 1995).  In the end, district courts are free to determine how much deference to accord decisions of a hearing officer in light of the circumstances.  County of San Diego v. Cal. Spec. Educ. Hearing Office, 93 F.3d 1458, 1466 (9th Cir. 1996).

## DISCUSSION

Plaintiffs raise three primary "issues on appeal": (1) whether Student's program placement was predetermined in violation of the IDEA; (2) the IEP was not revised to reflect that Student remained in the regular education class for math and therefore Student's parents were not notified and could not have meaningful participation in the development of Student's IEP; and (3) the Hearing Officer erred in not awarding reimbursement.  (Opening Br. at 5, 10-13.)  Plaintiffs also argue that Student was not placed in his least restrictive environment ("LRE").  (Id. at 12.)

As Defendants note, however, Plaintiffs' "predetermination" issue was not raised in the hearing and is therefore not fully exhausted.  "[W]hen a plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies, exhaustion of those remedies is required." Robb v. Bethel Sch. Dist. # 403, 308 F.3d 1047, 1048 (9th Cir. 2002); see also 20

U.S.C. § 1415(i)(2)(A); J.L. v. Mercer Island School Dist., 575 F.3d 1025, 1038 (9th Cir. 2009).

Here, Plaintiffs did not raise the predetermination issue before Hearing Officer Maile, and the Court may not review it now.

Accordingly, this Court's jurisdiction is limited to reviewing the fully exhausted claims. See J.L., 575 F.3d at 1038 (holding district court lacked subject matter jurisdiction over unexhausted claim). These exhausted claims are: (1) Whether Defendants failed to provide Student with placement in the least restrictive environment ("LRE") and failed to provide sufficient special education services; and (2) Whether Student should have been mainstreamed for language arts and math. (ROA 13, at 32.) The Court notes that Plaintiffs have not explicitly re-raised the issue of whether the IEP team failed to provide sufficient special education services, which had been addressed by Hearing Officer Maile.[3]

Defendants argue that Student was in fact in his LRE during the 2007-2008 school year, that Parents were not deprived of meaningful participation

---

[3] In fact, Plaintiffs seem to acknowledge that Student did receive adequate special education services. Plaintiffs acknowledge that Hearing Officer Maile found that Student did make "appropriate gains through his program" and does not dispute this with evidence. (Opening Br. at 13.) Defendants summarize the progress made by Student, also documented by student progress reports and teacher testimony, in their brief. (Answering Br. at 13-14.)

during the IEP meeting of November 19, 2007, and that there was no denial of a free and appropriate public education ("FAPE"), 20 U.S.C. § 1400(d)(1)(A). (Answering Br. at 6-7.)  Defendants also argue that there is no evidence that Student sustained any harm as a result of any alleged deficiency in the IEP.  (Id. at 7.)

The IDEA requires that "to the maximum extent appropriate" students with disabilities

> are educated with children who are not disabled, and special classes, separate schooling, or other removal of children with disabilities from the regular educational environment occurs only when the nature or severity of the disability of a child is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily.

20 U.S.C. § 1412(a)(5)(A).

Known as "mainstreaming" or the "least restrictive environment," this provision is designed to indicate a strong preference within the IDEA for educating handicapped with nonhandicapped children as much as possible.  See Bd. of Educ. of Hendrick Hudson Central School. Dist. v. Rowley, 458 U.S. 176, 181 n.4 (1982); id. at 202 ("The Act requires participating States to educate handicapped children with nonhandicapped children whenever possible.").  However, "the IDEA's preference for mainstreaming is not an absolute commandment."  Poolaw

v. Bishop, 67 F.3d 830, 836 (9th Cir. 1995).  While efforts should be made to place a student in the least restrictive environment, the least restrictive environment must also conform to the student's IEP.  County of San Diego v. Cal. Special Educ. Hearing Office, 93 F.3d 1458, 1468 (9th Cir. 1996).

The Ninth Circuit has adopted a four-factor balancing test to determine whether a district's placement offers education in the least restrictive environment:  (1) the educational benefits of placement full-time in a regular class; (2) the nonacademic benefits of such placement; (3) the effect the student has on the teacher and other students in the regular class; and (4) the cost of mainstreaming the student.  Sacramento City Unified Sch. Dist., Bd. of Educ. v. Rachel H. ex rel. Holland, 14 F.3d 1398, 1404 (9th Cir. 1994); see also Ms. S. ex rel. G. v. Vashon Island School Dist., 337 F.3d 1115, 1136-37 (9th Cir. 2003), superseded by statute on other grounds by Individuals with Disabilities Education Act Amendments of 1997, Pub.L. No. 105-17, 111 Stat. 37 (1997).

In this case, Plaintiffs' arguments as to whether Student was placed in his LRE are self-contradictory.  First Plaintiffs argue that Parents were unaware that Student had remained in his regular education classroom for math, thereby acknowledging that Student was not put in a special education math class. (Opening Br. at 10-11.)  But then Plaintiffs argue that the Student was "placed in

9

an overly restrictive environment for his math class through the November 19, 2007 IEP." (Id. at 12.)  The Court is unable to reconcile these two arguments.

The record before the Court shows, and Plaintiffs do not actually submit any evidence to dispute, that Student remained in the general education math class.  Student's math education was "mainstreamed."  Plaintiffs' argument that Student did not receive his LRE as to math is therefore without merit.

Plaintiffs also argue that Student's Parents were not informed of the fact that Student remained in the general education class for math.  In response, Defendants argue that Parents had notice because Student was not evaluated for mathematics by the special education teacher and because the placement was never actually changed.  (Answering Br. at 16.)  At the hearing on the matter, the Court observed that it appears there was some fault on both sides.  Defendants' actions indeed appear contrary to what was stated in the IEP.  Plaintiffs' counsel could not explain, however, how it was that Parents were unaware that Student was receiving exactly the service that Parents desired.

Even assuming that Student's Parents were not informed of the change, this Court finds that there was no substantive violation.  Student was kept in a general education math class, as Parents requested.  The failure to document this in paperwork is a procedural error.  There was no deprivation of educational

benefit. Parents' participation was not significantly impeded because, in fact, their wish that Student remain in a general education math class was fulfilled. Plaintiffs themselves acknowledge this in their Opening Brief when they state that Student's placement was "exactly what the parents of this child wanted" even though the parents were not notified. (Opening Br. at 11.)

As to whether Student received his LRE for language arts, reading and written expression, the IEP team determined that Student, in fact, needed a more restrictive environment than a general education class. Student observation reports indicate that Student's participation in reading and writing was minimal. (ROA 14 Ex. 6 & 7.) Student was observed as passive and unengaged, although not disruptive. (Id.) It was suggested that "[Student's] inattentiveness significantly impacts his academic performance." (ROA Ex. 7 at 33.)

The Court also notes that Student was placed in a general education class for all other activities, including social studies, science, PE, Hawaiiana, library, computer, music, recess/lunch, field trips, and assemblies. Therefore, Student was pulled out for special education instruction for language arts only, and there is no evidence before this Court that those hours were not beneficial and in fact necessary for Student.

   Hearing Officer Maile concluded that Plaintiffs had failed to prove by a preponderance of the evidence that the IEP teams' decision that Student would benefit from receiving "pull out special education instruction" for language arts was improper. This Court's review of the record confirms Hearing Officer Maile's findings.

   Accordingly, the Hearing Officer's decision is AFFIRMED. Because Plaintiffs have not demonstrated that the school's IEP was inappropriate, Plaintiffs are not entitled to reimbursement of costs.

## CONCLUSION

   For the reasons stated above, the Court AFFIRMS the Decision of the Hearing Officer.

   IT IS SO ORDERED.

   DATED: Honolulu, Hawaii, December 17, 2009.

_____
David Alan Ezra
United States District Judge

Dan M. v. Department of Education, CV No. 09-00183 DAE-LEK; ORDER AFFIRMING DECISION OF HEARING OFFICER